IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-06025-08-CR-W-NKL |
| | ) | |
| MAGGIE JEAN SELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Maggie Jean Sell's ("Sell") Motion to Amend Magistrate's Order of Detention [Doc. # 81]. Having conducted an independent review of the record and considered Sell's objections, the Court concludes that Sell has failed to overcome the presumption in favor of detaining a defendant who is charged with committing a controlled substance violation which carries a penalty of 10 years or more. The Motion to Amend Magistrate's Detention Order is denied.

**I. Background**

On November 7, 2007, Sell was indicted for conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The amounts alleged for the entire conspiracy range between 20 and 50 pounds. (Tr. 5). At the time of Sell's arrest, she was working as a cab driver but living out of a backpack with only "sporadic" places of residence. (Tr. 9, 28). Sell has subsequently moved in with her

1

mother and two children. (Tr. 18). On November 21, 2007, United States Magistrate Judge Sarah W. Hays recommended that the Court enter an Order detaining Sell pursuant to 18 U.S.C. § 3142(e). After conducting a detention hearing, the Magistrate found that 1) Sell had not overcome the rebuttable presumption based on the alleged drug offense; and 2) Sell had previously violated terms of her state court supervision.[1] (Tr. 31). Sell argues that the pre-trial report did not recommend detention; the Government has not reported what quantity of methamphetamine is attributable to Sell; and, there is little evidence tying her to the conspiracy. (Sell Br. ¶ 5). Sell was not arrested during the purchase or sale of drugs and no weapons are connected to her. *Id*. Sell's only other conviction is a state court conviction related to the charges pending in the federal indictment. Sell requests placement in a residential drug treatment facility for at least 30 days and subsequent release to reside with her mother who has indicated a willingness to house her. (Sell Br. ¶ 4).

**II.     Discussion**

The District Court reviews a magistrate judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). The purpose of a detention hearing under the Bail Reform Act is to determine if a court can impose conditions which would "reasonably assure" the defendant's appearance at all scheduled hearings and "the safety

---

[1] Sell was on probation at the time of her arrest for the federal indictment. Sell's state probation officer cited her for three violations in the 23 days between being placed on felony probation and her arrest on this federal indictment.

2

of any other person and the community . . . ." 18 U.S.C. § 3142(e). The statutory scheme established by 18 U.S.C. § 1342 favors release over pretrial detention. *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985). However, where there is probable cause to believe the accused committed a drug offense carrying a maximum term of imprisonment of at least ten years, as in this case, a rebuttable presumption arises that no conditions of release will be sufficient to reasonably assure the accused will not flee or commit further offenses. *United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992). In this case, Sell's only rebuttal evidence is an assertion that the Government's case is weak and that she now may have a permanent residence. Given that Sell violated the terms of her court supervision on the related state charges and her unstable residential history, Sell has failed to rebut the presumption in favor of detention.

Accordingly, Sell's Motion to Amend Magistrate's Detention Order [Doc. # 81] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 2, 2008
Kansas City, Missouri

3